UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOBLE BERNISEARL MCGILL EL BEY,

    Plaintiff,

v.

A. DIAZ, et al.,

    Defendants.

No. 2:19-cv-01958-MCE-CKD PS

ORDER

Plaintiff Noble BernisEarl McGill El Bey, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, plaintiff's complaint is legally frivolous. As best the court can tell, plaintiff alleges that on August 31, 2019, he was pulled over and issued a citation for having temporary paper plates on his motorcycle. Plaintiff argues he is not required to have a California license plate

because he is an Indigenous Aboriginal Moor and California police do not have jurisdiction over him. Plaintiff further alleges that on September 24, 2019, he went to the California Highway Patrol to "verify [the] Aluminum Indigenous Plates on [his] Motorcycle," which he claims he has a right to display "according to The Rights of Indigenous People." Plaintiff claims that the Highway Patrol told him his plates were not valid in California. Plaintiff alleges these actions were "clearly a Violation and Breach of Contract."

Fatal to plaintiff's complaint is the non-recognition of the Moorish Nation as a sovereign state by the United States. See Ingram El v. Crail, 2019 WL 3860192, at *3 (E.D. Cal. Aug. 16, 2019) ("[T]he United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims" (quoting Khattab El v. U.S. Justice Dep't, 1988 WL 5117, at 5 (E.D. Pa. Jan. 22, 1988)); Benton–El v. Odom, 2007 WL 1812615, at *6 (M.D.Ga. June 19, 2007); Osiris v. Brown, 2005 WL 2044904, at *2 (D.N.J. Aug.24, 2005); see also We the People Beys and Els v. State of New York, 165 F.3d 16, 1998 WL 801875, at *1 (2d Cir. Nov.12, 1998) (unpublished opinion). Plaintiff cannot unilaterally bestow sovereign immunity upon himself. See United States v. Lumumba, 741 F.2d 12, 15 (2d Cir.1984).

Accordingly, plaintiff's complaint does not allege sufficient facts from which the court can draw a reasonable inference that plaintiff is entitled to relief.[2] Indeed, plaintiff does not identify a particular right or constitutional provision that was purportedly violated. Plaintiff claims he was told he needed to have a valid California license plate, but those facts, without more, do not amount to a constitutional or legally recognizable violation. For these reasons, plaintiff's complaint is subject to dismissal.

Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a 42 U.S.C. § 1983 claim, the court finds it appropriate to grant plaintiff an opportunity to amend his complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended

---

[2] For similar reasons it appears unlikely that diversity jurisdiction exists in this matter. Plaintiff alleges diversity as the basis of jurisdiction, but the complaint lists a PO box in California as plaintiff's address. On the jurisdiction form, however, plaintiff crosses out "state" and lists that he is an "American National" and a "Tribal Member of the Cherokee Nation of Moors."

Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: November 13, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.nobl.1958

4