UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOBLE BERNISEARL MCGILL EL BEY,<br><br>        Plaintiff,<br><br>   v.<br><br>A. DIAZ, et al.,<br><br>        Defendants. | No. 2:19-cv-01958-MCE-CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff Noble BernisEarl McGill El Bey is proceeding without counsel in this action. His first complaint was dismissed with leave to amend. (ECF No. 3.) Plaintiff filed his first amended complaint ("FAC"), which is presently before the court. (ECF No. 4.) The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

The FAC names four defendants: the California Highway Patrol, California Department of Motor Vehicles, Officer A. Diaz, and Officer Danny Leece. The complaint alleges that plaintiff was pulled over by Officer A. Diaz, who issued plaintiff a citation for failure to have a proper vehicle registration plate. (ECF No. 4 at 2.) Plaintiff then went to the Tracy Highway Patrol Office where Officer Leece informed plaintiff that California does not recognize his indigenous plates. (Id.)

Plaintiff claims that he was not in California Highway Patrol's jurisdiction as a result of his status as an Indigenous Aboriginal Moorish American National. (Id.) Plaintiff additionally alleges that "No Law requires you to record / pledge your private automobile," cites to the UCC,

the criminal code, the Illinois Supreme Court, and the "Proclamation, Ancient Imperial Moors Are Out of Interregnum."  (Id.)  Plaintiff's FAC suffers from similar defects the court outlined in dismissing his original complaint.  (See ECF No. 3.)

As an initial matter, plaintiff cannot state a claim upon which relief can be granted premised on 18 U.S.C. §§ 241, 242, as these federal criminal statutes confer neither any substantive rights nor any private rights to bring a civil action for damages.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).

Additionally, plaintiff cannot state a claim premised on the assertion that California officers, while in California, lacked jurisdiction over plaintiff, or any similar claim of sovereign immunity.  The United States has not recognized the Moorish Nation as a sovereign state.  See Ingram El v. Crail, 2019 WL 3860192, at *3 (E.D. Cal. Aug. 16, 2019) ("[T]he United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims" (quoting Khattab El v. U.S. Justice Dep't, 1988 WL 5117, at 5 (E.D. Pa. Jan. 22, 1988)); Benton–El v. Odom, 2007 WL 1812615, at *6 (M.D.Ga. June 19, 2007); Osiris v. Brown, 2005 WL 2044904, at *2 (D.N.J. Aug.24, 2005); see also We the People Beys and Els v. State of New York, 165 F.3d 16, 1998 WL 801875, at *1 (2nd Cir. 1998) (unpublished opinion).  Plaintiff cannot unilaterally bestow sovereign immunity upon himself.  See United States v. Lumumba, 741 F.2d 12, 15 (2nd Cir. 1984).

Finally, plaintiff's claim that the government cannot require citizens to register their vehicles is without merit.  Requiring vehicles to be registered is an exercise of the police power of the state.  See Ingels v. Boteler, 100 F.2d 915, 919 (9th Cir. 1938).

Due to the reasons explained above, the FAC is legally frivolous and plaintiff has not stated a claim upon which relief can be granted.  Although plaintiff is proceeding pro se, and the court liberally construes his pleading, the undersigned concludes that allowing plaintiff to file an additional amended complaint would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend; and
2. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: December 26, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.noble.1958